IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| L.C. ELDRIDGE SALES CO., LTD., <br> LESEMAN DAVIS LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> AZEN MANUFACTURING PTE., LTD., <br> JURONG SHIPYARD PTE, LTD., <br> SEMBCORP MARINE LTD., <br> TWIN CITY FAN COMPANIES, LTD., <br> ZHENGZHOU FG OFFSHORE <br> ENGINEERING & EQUIP. CO., LTD., <br> ATWOOD DRILLING, INC., <br> ATWOOD OCEANICS MANAGEMENT, LP, <br> FG ENGINEERING, LTD., <br> FRIEDE GOLDMAN OFFSHORE, INC., <br> SEADRILL AMERICAS, INC., <br> SEMBCORP HOLDINGS, LLC, <br> SEMBCORP-SABINE INDUSTRIES, INC., <br> SEMBCORP-SABINE SHIPYARD, INC., <br> <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.6:11-cv-599 <br> (Jury Demanded) |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

By its undersigned attorneys, plaintiffs L.C. Eldridge Sales Co., Ltd. ("Eldridge") and Leseman Davis LLC ("Leseman Davis") (collectively, "Plaintiffs") make the following complaint, based upon actual knowledge as to themselves and their own actions and upon information and belief as to all other persons and actions:

**Nature of Action**

1.  This is an action in which Plaintiffs seek damages and injunctive relief for patent infringement in violation of the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**Parties**

2. L.C. Eldridge Sales Co., Ltd. is a Texas limited partnership with its principal place of business at 9800 Richmond, Suite 325, Houston, Texas 77042.  It engages in the development, manufacture and distribution of blowers for a variety of industries including the offshore drilling rig industry.  Eldridge is licensed to manufacture, market, sell and distribute the technology that is the subject of the patents in this suit.

3. Leseman Davis LLC is a Texas limited liability company with its principal place of business at 9800 Richmond, Suite 325, Houston, Texas 77042.  Leseman Davis is the assignee of U.S. Patent No. 7,707,828, entitled "Method and Apparatus for Manipulating and Diluting Internal Combustion Engine Exhaust Gases" ("'828 Patent").

4. Defendant Azen Manufacturing Pte., Ltd. ("Azen"), is a subsidiary of Twin City Fan Companies.  Azen has a place of business in No.8 Tuas Link 1, Singapore, Singapore 638593.  It provides blowers and fans to a variety of industries including the offshore drilling rig industry.  It may be served with process, care of its owner, Twin City Fan Companies, by serving the Texas Secretary of State, Citations Unit, 1019 Brazos Street, Room 214, James E. Rudder Building, Austin, Texas 78701, which then shall mail a copy of the process by registered or certified mail, return receipt requested, to the main office of Twin City Fan Companies listed below.

5. Defendant Jurong Shipyard Pte Ltd. ("Jurong") is a Singapore company with a place of business in 29 Tanjong Kling Road, Singapore 628054.  It builds offshore drilling rigs.  It is owned by one or more of Sembcorp Marine, Sembcorp Holdings, LLC, Sembcorp-Sabine Industries, Inc. and Sembcorp-Sabine Shipyard Inc.  It may be served with process via Candice C. Smith, River Oaks Tower, 3730 Kirby Drive, Suite 650, Houston, TX 77002, the

registered agent for service for Sembcorp Holdings, LLC, Sembcorp-Sabine Industries, Inc. and Sembcorp-Sabine Shipyard Inc.

6. Defendant Sembcorp Marine Ltd. ("Sembcorp Marine") is a Singapore company with a place of business in 29 Tanjong King Road, Singapore 628054. It has an ownership interest in Jurong, Sembcorp-Sabine Shipyard, Inc., and other companies. It may be served with process via Candice C. Smith, River Oaks Tower, 3730 Kirby Drive, Suite 650, Houston, TX 77002, the registered agent for service for Sembcorp Holdings, LLC, Sembcorp-Sabine Industries, Inc. and Sembcorp-Sabine Shipyard Inc.

7. Defendant Twin City Fan Companies, Ltd. ("Twin City Fan") is a Minnesota corporation with a place of business in 5959 Trenton Lane North, Minneapolis, MN 55442-3237. It provides blowers and fans to a variety of industries including the offshore drilling rig industry. It may be served with process by serving the Texas Secretary of State, Citations Unit, 1019 Brazos Street, Room 214, James E. Rudder Building, Austin, Texas 78701, which then shall mail a copy of the process by registered or certified mail, return receipt requested, to its main office listed above.

8. Defendant Zhengzhou FG Offshore Engineering & Equipment Co., Ltd. ("Zhengzhou FG Offshore") is a Chinese company with a place of business at 10 Fengyang Street, Zhengzhou High Tech Development Zone, Henan, People's Republic of China. It has an ownership interest in one or more of FG Engineering, Ltd., Friede Goldman Offshore, Inc., and other companies. It designs and builds offshore drilling rigs. It may be served with process by service on its officer, Matthew Hemker, at his place of business at 10375 Richmond Avenue, Suite 1600, Houston, Texas 77042.

9. Defendant Atwood Drilling, Inc. ("Atwood Drilling") is a Delaware corporation with a place of business at 15835 Park Ten Place Drive, Houston, TX 77084. It owns and operates offshore drilling rigs. It may be served with process via its registered agent, Walter A. Baker, at 15835 Park Ten Place Drive, Houston, TX 77084.

10. Defendant Atwood Oceanics Management, LP ("Atwood Oceanics") is a Delaware limited partnership with a place of business at 15835 Park Ten Place Drive, Houston, TX 77084. It owns and operates offshore drilling rigs. It may be served with process via its registered agent, Walter A. Baker, at 15835 Park Ten Place Drive, Houston, TX 77084.

11. Defendant Friede Goldman Offshore, Inc. ("FG Offshore") is a Mississippi corporation with a place of business at 1855 Lakeland Drive, Suite D20, Jackson, Mississippi 39216. It builds offshore drilling rigs. It may be served with process via its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234.

12. Defendant FG Engineering, Ltd. ("FG Engineering"), formerly known as Friede & Goldman Ltd., is a Mississippi corporation with a place of business at 1855 Lakeland Drive, Suite D20, Jackson, Mississippi 39216 and a place of business at 10375 Richmond Avenue, Suite 1600, Houston, Texas 77042. It designs offshore drilling rigs. It may be served with process via its registered agent Corp. Service Co., d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

13. Defendant Seadrill Americas, Inc. ("Seadrill") is a Texas corporation with a place of business at 11210 Equity Drive, Suite 150, Houston, Texas 77041. It owns and operates drilling rigs. It may be served with process via its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234.

14. Defendant Sembcorp Holdings, LLC is a Texas limited liability company with an address at P.O. Box 405, Sabine Pass, Texas 77655. It may be served with process via its registered agent, Candice C. Smith, River Oaks Tower, 3730 Kirby Drive, Suite 650, Houston, TX 77002.

15. Defendant Sembcorp-Sabine Industries, Inc. is a Texas corporation with an address at P.O. Box 405, Sabine Pass, Texas 77655. It may be served with process via its registered agent, Candice C. Smith, River Oaks Tower, 3730 Kirby Drive, Suite 650, Houston, TX 77002.

16. Defendant Sembcorp-Sabine Shipyard, Inc. is a Texas corporation with an address at P.O. Box 405, Sabine Pass, Texas 77655. It is owned by Sembcorp Marine. It may be served with process via its registered agent, Candice C. Smith, River Oaks Tower, 3730 Kirby Drive, Suite 650, Houston, TX 77002.

## Jurisdiction and Venue

17. This claim arises under the United States patent laws, 35 U.S.C. § 1, *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338(a).

18. Defendants regularly and deliberately engage in business in the State of Texas and in this District, including activities that infringe the '828 Patent. This Court has personal jurisdiction over each defendant. Venue is proper in this District, under 28 U.S.C. §§ 1391 & 1400.

## Factual Background

19. Plaintiffs develop, manufacture and distribute blowers for a variety of industries including the offshore drilling rig industry.

20. As part of a bid process for a third-party rig, Plaintiffs provided information about their invention to an individual named Bob Dawson.

21.     Shortly thereafter, Bob Dawson became employed by Seadrill. Without authorization, he brought with him to Seadrill the information Plaintiffs previously had provided him about their invention.

22.     Bob Dawson and Seadrill then gave Plaintiffs' designs to FG Offshore and Jurong.

23.     On June 29, 2006, Plaintiffs' representative sent an email to Seadrill's Bob Dawson and Jurong engineer J.H. Lee, informing them that Jurong was improperly including in its bid packages a proprietary drawing Plaintiffs had provided in a quotation to Bob Dawson's former employer. The email further described Jurong's efforts to procure from Plaintiffs' subcontractors additional proprietary design and engineering information related to the system Plaintiffs had quoted to Bob Dawson's former employer. The email further stated that Plaintiffs held U.S. patent rights regarding their proprietary design.

24.     July 3, 2006, Jurong project engineer J.H. Lee stated in an email to Plaintiffs' representative, "We are now aware . . . this design is protected by U.S. patent. . . . If you don't mind, please send us the patent document. We would like to raise a technical requisition based on that."

25.     On July 7, 2006, a representative of Plaintiffs sent Jurong's J.H. Lee an email providing a copy of a confirmation from the U.S. Patent Office that Plaintiffs had filed a provisional patent application on Plaintiffs' invention, and further informed them that Plaintiffs' utility patent application was pending.

26.     Jurong and FG Offshore provided Plaintiffs' designs to Azen.

27.     Azen built systems and apparatuses incorporating Plaintiffs' invention, and provided them to Jurong, FG Offshore and Seadrill for use on a Seadrill rig.

28. Jurong, Azen and Atwood also have used Plaintiffs' invention on the Atwood *Osprey* rig built by Jurong for Atwood.

29. In fact, in 2007 Atwood asked Plaintiffs to prepare a bid specification incorporating Plaintiffs' proprietary technology for use on the Atwood *Osprey*. Plaintiffs did so, under the impression and with the expectation that Atwood would cause Jurong to contract with Plaintiffs for the right to use Plaintiffs' technology on the Atwood *Osprey*. Instead, Atwood, Jurong and Azen boldly misappropriated Plaintiffs' technology.

30. On June 25, 2009, Plaintiffs' President wrote to Atwood's Vice President of Technical Services, Barry Smith, expressing Plaintiffs' concern that Jurong and Atwood were using Plaintiffs' invention on the *Osprey* rig Jurong was building for Atwood.

31. On July 29, 2009, Plaintiffs' President wrote to Atwood Oceanic's President and Chief Executive Officer, John R. Irwin, reiterating Plaintiffs' concern about the conduct of Jurong and Atwood, noting that no response to the June 25, 2009 letter had been received from either Atwood or Jurong, and asking for a meeting.

32. Though Atwood's Barry Smith and others knew of Plaintiffs' allegations that Jurong was misappropriating Plaintiffs' proprietary design, as well as of Plaintiffs' pending patent application, Atwood ultimately took no steps to deter Jurong and Azen from using Plaintiffs' invention on the Atwood *Osprey* rig.

33. On May 4, 2010, the '828 Patent was duly and legally issued to Leseman Davis. A true and correct copy of the '828 Patent is attached as Exhibit 1. Since its issuance, the '828 patent has been in full force and effect. Plaintiffs own all right, title, and interest to the '828 patent, including the right to sue for past, present and future infringements.

34. The actions of Azen, FG Offshore, Jurong, Atwood, Seadrill and the other defendants have been without authorization from Plaintiffs, and with knowledge of Plaintiffs' patent rights.

35. Bob Dawson's whereabouts are currently unknown.

**Count One**
**(Infringement Under 35 U.S.C. § 271 of the '828 Patent)**

36. Plaintiffs incorporate the preceding material fact allegations.

37. Jurong has infringed and is continuing to infringe the '828 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '828 Patent. Further, Jurong has induced infringement of the '828 Patent or has committed acts of contributory infringement of the '828 Patent. For example, Jurong has sold and/or sells drilling rigs to Seadrill and to Atwood Oceanics Management, LP and Atwood Drilling, Inc., among others, which rigs have installed thereon technology embodying the inventions that are the subject of the '828 Patent.

38. Twin City Fan, and its subsidiary Azen, have infringed and are continuing to infringe the '828 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '828 Patent. Further, Twin City Fan and Azen have induced infringement of the '828 Patent or has committed acts of contributory infringement of the '828 Patent. For example, Twin City Fan and Azen have provided Jurong with technology embodying the inventions that are the subject of the '828 Patent, which Jurong in turn has installed on drilling rigs sold to Seadrill and to Atwood Oceanics Management, LP and Atwood Drilling, Inc., among others.

39. Seadrill has infringed and is continuing to infringe the '828 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '828 Patent. Further, Seadrill has induced infringement of the '828 Patent or has committed acts of contributory infringement of the '828 Patent. For example, Seadrill's drilling rigs incorporate technology that embodies the inventions that are the subject of the '828 Patent; this technology was built for Seadrill by Jurong, Azen, and Twin City Fan.

40. Atwood Oceanics Management, LP and Atwood Drilling, Inc. have infringed and are continuing to infringe the '828 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '828 Patent. Further, Atwood Oceanics Management, LP and Atwood Drilling, Inc. have induced infringement of the '828 Patent or have committed acts of contributory infringement of the '828 Patent. For example, Atwood's drilling rigs incorporate technology that embodies the inventions that are the subject of the '828 Patent; these rigs, and this technology, have been designed and built for Atwood by Azen, FG Engineering, Ltd., Friede-Goldman Offshore, Inc., Jurong, Twin City Fan, and Zhengzhou.

41. Sembcorp Holdings, LLC, Sembcorp Marine Ltd., Sembcorp-Sabine Industries, Inc. and Sembcorp-Sabine Shipyard Inc. are responsible for the actions of Jurong as a result of their ownership of Jurong.

42. Defendants' activities have been without express or implied license from Plaintiffs.

43. Defendants will continue to infringe the '828 Patent unless enjoined by this Court. As a result of Defendants' infringing conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Thus, Plaintiffs are entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

44. As a result of the infringement of the '828 Patent, Plaintiffs have been damaged, will be further damaged, and are entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

45. Defendants' past and continuing infringement has been deliberate and willful. This case therefore warrants an award of treble damages, pursuant to 35 U.S.C. § 284, and is an exceptional case justifying an award of attorney fees to Plaintiffs, pursuant to 35 U.S.C. § 285.

## Demand for Jury

46. Plaintiffs demand a jury trial of all disputed issues of fact in this suit.

## Prayer for Relief

47. For these reasons, plaintiffs L.C. Eldridge Sales Co., Ltd. and Leseman Davis LLC pray that this Court enter judgment in their favor against each defendant, as follows:

    a. Finding that each defendant has infringed the '828 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

    b. Permanently enjoining each defendant, and its respective officers, directors, subsidiaries, agents, employees, others controlled by them, and others in active concert or participation with them, from directly or indirectly engaging in further acts of infringement, contributory infringement, or inducement of infringement of the '828 Patent;

    c. Requiring each defendant to provide plaintiffs with an accounting of all gains, profits, and advantages derived by each defendant's infringement of the '828 Patent, and awarding to plaintiffs damages adequate to compensate them for defendants' wrongful infringing acts, in accordance

        with 35 U.S.C. § 284;

d. Increasing the damages awarded to plaintiffs up to three times, in view of defendants' willful and deliberate infringement of the '828 Patent;

e. Awarding plaintiffs pre- and post-judgment interest on their damages;

f. Finding that this is an exceptional case in favor of plaintiffs, under 35 U.S.C. § 285, and awarding to plaintiffs their costs, including reasonable attorney fees and other expenses incurred in connection with this action; and

g. Awarding plaintiffs all other relief to which they may be justly entitled.

Dated: November 4, 2011        Respectfully submitted,

        /s/ Eric H. Findlay

Of counsel:        Eric H. Findlay
R. Paul Yetter        State Bar No. 00789886
(pyetter@yettercoleman.com)        Findlay Craft LLP
State Bar No. 22154200        6760 Old Jacksonville Hwy
Eric Chenoweth        Suite 101
(echenoweth@yettercoleman.com)        Tyler, Texas  75703
State Bar No. 24006989        903.534.1100 (Office)
Thomas M. Morrow        903-534-1137 (Fax)
(tmorrow@yettercoleman.com)
State Bar No. 24039076        Attorney in Charge for
Chris R. Johnson        Plaintiffs L.C. Eldridge Sales Co., Ltd. and
(cjohnson@yettercoleman.com)        Leseman Davis LLC
State Bar No. 24062804
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas  77010
(713) 632-8000
(713) 632-8002 (Fax)