## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| L.C. ELDRIDGE SALES CO., LTD., LESEMAN DAVIS LLC, | |
| Plaintiffs, | Civil Action No. 6:11-cv-599 |
| v. | |
| AZEN MANUFACTURING PTE., LTD., JURONG SHIPYARD PTE, LTD., SEMBCORP MARINE LTD., TWIN CITY FAN COMPANIES, LTD., ZHENGZHOU FG OFFSHORE ENGINEERING & EQUIP. CO., LTD., ATWOOD DRILLING, INC., ATWOOD OCEANICS MANAGEMENT, LP, FG ENGINEERING, LTD., FRIEDE & GOLDMAN, L.L.C., SEADRILL AMERICAS, INC., SEMBCORP HOLDINGS, LLC, SEMBCORP-SABINE INDUSTRIES, INC., SEMBCORP-SABINE SHIPYARD, INC. | **AZEN DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| Defendants. | |

Defendants Azen Manufacturing Pte, Ltd., Jurong Shipyard Pte, Ltd., Sembcorp Marine Ltd., Twin City Fan Companies, Ltd., Atwood Drilling, Inc., Atwood Oceanics Management, LP, Seadrill Americas, Inc., Sembcorp Holding, LLC, Sembcorp-Sabine Industries, Inc., and Sembcorp-Sabine Shipyard, Inc., (together, the "Azen Defendants"), file this Motion for Leave To Amend their Invalidity Contentions pursuant to Local Patent Rule 3-6.  Because good cause supports an amendment to the Azen Defendants' invalidity contentions at this time and because an amendment will not prejudice the Plaintiffs, the Azen Defendants respectfully ask the Court to grant their motion.

## FACTUAL BACKGROUND

In this matter, the Plaintiffs allege that each of the named defendants has infringed each of the 52 claims of U.S. Patent 7,707,828 ("the '828 Patent"). Both in accordance with the Court's Scheduling and Discovery Order, the Plaintiffs served their infringement contentions on May 16, 2012, and the Azen Defendants served their Invalidity Contentions on June 29, 2012. The Azen Defendants identified seventeen pieces of invalidating prior art and offered bases for the invalidity of each claim of the '828 Patent. The parties participated in a *Markman* hearing on December 6, 2012, and the Court has yet to issue its claim construction order.

Late in 2012, the Azen Defendants engaged Dr. Joseph J. Beaman, Jr., Earnest F. Gloyna Regents Chair of Engineering at the University of Texas as Austin, as a technical expert to opine on the issues of patent invalidity and noninfringement in this case. In his careful review of the '828 Patent and the relevant prior art, Dr. Beaman identified two additional references that serve to invalidate the '828 Patent as anticipated or obvious: U.S. Patent No. 2,722,372 (filed Apr. 2, 1952) ("Edwards") and U.S. Patent No. 6,640,539 (filed Jul. 12, 2001) ("Lewis '539"). Both of these references were disclosed and produced to the Plaintiffs shortly after Dr. Beaman identified them and decided to rely on them in his invalidity opinion, which was served on March 11, 2013. (Ryan Gallia Decl. Exs. A & B.) In addition, Dr. Beaman's close examination of the Azen Defendants' invalidity contentions led him to reconsider some of the combinations of references put forth as invalidating and to develop new combinations of invalidating references, all of which are set forth fully in his invalidity report of March 11. (*Id.* Ex. C.) Specifically, the charts found at pages 35 to 80 of Dr. Beaman's report identify "in each alleged item of prior art [where] each element of each asserted claim is found," as required by Local Patent Rule 3-3(c). (*Id.*) On April 8, 2013, the Plaintiffs' technical expert, Joseph B. Davis, submitted an expert report opining on the validity of the '828 Patent in which he offered rebuttals to each of the references

upon which Dr. Beaman relied in his report, including Edwards and Lewis '539.  (Ryan Gallia Decl. Ex. D.)

Discovery is set to close on April 22, 2013, under the Court's currently operative Scheduling and Discovery Order, and neither party has moved for leave to amend their initial disclosures.[1]

## LEGAL STANDARD

Under the Court's Patent Rules, the parties' infringement and invalidity contentions are "deemed to be that party's final contentions."  Local Patent Rule 3-6(a).  However, if either party "believes in good faith that the Court's Claim Construction Ruling so requires," that party can amend its contentions in light of the ruling without leave of the Court.  *Id.*  In addition, the party defending a claim of infringement can amend its invalidity contentions if the patentee amends its infringement contentions.  *Id.* 3-6(a)(2)(A).  Any other amendments "may be made only by order of the Court, which shall be entered only upon a showing of good cause."  *Id.* 3-6(b).

The Local Patent Rules should be enforced "to ensure that outcomes are based upon the merits, and not unduly influenced by surprise and delay."  *Corelogic Info. Solutions, Inc. v. Fiserv, Inc.*, No. 2:10-CV-132-RSP, 2012 WL 4051823, at *3 (E.D. Tex. Sept. 13, 2012).  As the Plaintiffs recognize, the purpose of this Court's Local Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."  *Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *1 (E.D. Tex. Mar. 30, 2009).

---

[1] In fact, the parties have agreed in principle to ask the Court to extend the close of discovery several weeks, and the parties are currently collaborating on a joint motion to amend the Court's Scheduling and Discovery Order to be filed shortly.

A court has broad discretion to grant a motion for leave to amend invalidity contentions, based on the consideration of the following factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-CV-434, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009).

<u>**ARGUMENT**</u>

The Azen Defendants seek leave of the Court to amend their invalidity contentions to reflect the content of the charts drafted by Dr. Beaman at pages 35 to 80 of his expert report on patent invalidity.  Because there is good cause for this amendment, the Azen Defendants respectfully ask the Court to grant their Azen Defendants' motion.

**1.      The Azen Defendants have good cause for amending their invalidity contentions.**

Good cause supports this motion.  Dr. Beaman, as an expert in the field of mechanical engineering and through his own independent and searching examination of the prior art, found and recognized the importance of the Lewis '539 and Edwards references, and as soon as it was determined that he would rely on them in his report, they were disclosed and produced to the Plaintiffs.  Significantly, his expert report on invalidity lays out with the specificity required by Local Patent Rule 3-3(c) "where . . . in each alleged item of prior art each element of each asserted claim is found."  In addition, Dr. Beaman has concluded that these are significant, important references that anticipate or render obvious the '828 Patent, especially Edwards. (Beaman Decl. ¶¶ 6, 7.)  The Plaintiffs' technical expert, Joe Davis, in his rebuttal report to Dr. Beaman's on patent invalidity responded to Dr. Beaman's positions on both of the newly cited references.

As Dr. Beaman notes, the close and detailed examination conducted by an expert witness analyzing patent validity necessarily leads an expert to discover new references during the development of an opinion.  (Beaman Decl. ¶ 9.)  In fact, the very purpose of discovery is to permit the parties to "develop new information," and courts routinely permit good faith amendments of contentions to accommodate this information.  *See O2 Micro Int'l, Ltd., v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."); *see also, e.g.*, *REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *5 n.6 (W.D. Wash. Aug. 15, 2012) (counseling parties to "cooperate in the amendment process" and "file stipulated motions to amend, where amendment is appropriate," because "it is expected that new references will be found and new theories developed").  Permitting parties to amend their invalidity contentions with good cause ensures that invalid patents are not afforded a monopoly.  The Supreme Court has long recognized that invalid patents should not be allowed to exist because the public should not be foreclosed from using publicly available technology.  *See Lear, Inc. v. Atkins*, 395 U.S. 653, 664 (1969).

Furthermore, good cause also exists for this amendment because the Azen Defendants could not have so moved before serving Dr. Beaman's report.  In light of the thorough nature of Dr. Beaman's independent review and his other professional commitments, Dr. Beaman's report was not finalized until shortly before it was served on the Plaintiffs.  (Beaman Decl. ¶ 5.)  Therefore, the Azen Defendants did not have time to move to formally amend their invalidity contentions before serving Dr. Beaman's report.  More than a month passed after the service of the report before the Plaintiffs raised any issue with the Azen Defendants.  Because the opinions and charts set forth in the report of Dr. Beaman provided a more complete explanation of the

Azen Defendants' bases for contending that the '828 Patent is invalid, the silence on the part of the Plaintiffs led the Azen Defendants to believe that the Plaintiffs were satisfied with Dr. Beaman's disclosures and understood them to be, in effect, an amendment of invalidity contentions made without asking the Court to expend its resources on a motion.

It is important for the Court to understand that, from the outset of this case, the Azen Defendants were forced to draft their invalidity contentions of June 29, 2012, in response to scant and clearly preliminary infringement contentions served by the Plaintiffs.  The Local Patent Rules of the U.S. District Court for the Eastern District of Texas contemplate that a party charged with patent infringement will draft and serve invalidity contentions after receiving and having the opportunity to analyze and respond to the infringement positions of the patentee.  *See* Local Patent Rule 3-3 (specifying that invalidity contentions are due "[n]ot later than 45 days after service" of infringement contentions).  In their infringement contentions the Plaintiffs allege that each defendant has infringed every one of the '828 Patent's 52 claims. They lodge these overly broad assertions in some cases without any evidence whatsoever.  (*See, e.g.*, Ryan Gallia Decl. Ex. E (P.R. 3-1(c) Claim Chart for Azen Mfg. Pte., Ltd / Twin City Fan Cos., Ltd.) at 3 (offering only the following explanation, wholly bereft of citation, for how and why claim 2 of the '828 Patent is infringed: "The air pressurization system is computer controlled.").)

Even when the Plaintiffs offer more information with respect to a claim element, their infringement contentions are insufficient.  A cursory examination of the infringement contentions offered against Azen by the Plaintiffs for claim 1 of the '828 Patent demonstrates that the Plaintiffs failed to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality."  Local Patent Rule 3-1(c).  For example, claim 1 of the '828 Patent includes the following element: "a housing coupled to a terminal portion of an

exhaust pipe, the exhaust pipe associated with an engine on the structure through which exhaust gasses flow at a first velocity."  '828 Patent, col. 8 l.59-62.

- A technical drawing of the entire Azen engine exhaust system (numbered by Azen J0027-EEBS-MDVM24-02).

- A photograph of a welder wearing an Azen t-shirt welding on the Azen engine exhaust system, identified as "bates number forthcoming."

- A sketch made by a representative of Jurong of a rig.

- Several documents produced by the Plaintiffs that describe or depict the Enjet, which is the product purported to practice the invention claimed in the '828 Patent:

  - Two Eldridge drawings of the Enjet

  - An email from co-inventor Gary Leseman describing the Enjet

  - An Eldridge rig ventilation specification for the Enjet

(*See* Ryan Gallia Decl. Ex. E at 2–3.)  Moreover, these documents are cited without explanation and without the requisite specific identification of each element in the accused Azen engine exhaust systems that is purported to infringe an element of each of the '828 Patent's 52 claims. Essentially, then, the Plaintiffs' infringement contentions are "Here is a drawing of your device, a photo, and some drawings of our device.  You'll find the elements in here somewhere."

In effect, the Azen Defendants were forced to fly blind in drafting their invalidity contentions.  The Local Patent Rules contemplate that an accused infringer will receive a full and fair explanation of the patentee's infringement position at the outset of litigation—in fact, the Rules go so far as to designate these initial disclosures "final contentions."  Local Patent Rule 3-6(a).  The Azen Defendants did not get this.  While discovery is ongoing in this case, the

Plaintiffs have long had in their possession design drawings of the Azen engine exhaust system; the Plaintiffs have simply declined to identify the allegedly infringing elements. And yet, despite the clear deficiencies in the Plaintiffs' infringement contentions, the Azen Defendants nonetheless met their obligations under the local rules and the Scheduling and Discovery Order of this Court by conducting an extensive and thorough prior art search and drafting and timely serving invalidity contentions.

Had the Plaintiffs moved to amend their infringement contentions, the Azen Defendants would not have opposed such a motion and would have themselves sought leave of the Court to amend their invalidity contentions in response.  However, the Plaintiffs did not do so, presumably waiting to amend pending the Court's issuance of its claim construction ruling. With the Court's Scheduling and Discovery Order in place, the Azen Defendants continued to work with their expert, provided copies of any prior art identified by him, and also offered in his report a full explanation of their bases for invalidity—even though the Plaintiffs have yet to serve compliant infringement contentions.  The Plaintiffs surely understood that Dr. Beaman's report contained the Azen Defendants' and most accurate invalidity disclosures. *See Ariba, Inc. v. Emptoris, Inc.*, No. 9:07-CV-90, 2008 WL 7285523, at *4 (E.D. Tex. Sept. 9, 2008) (noting that an amendment of invalidity contentions was permissible where "[t]he defendants' intention was clearly apparent to the plaintiff").

Therefore, to ensure continued compliance with the Court's rules and orders (in the event that it is required that the substantive contentions in Dr. Beaman's report be labeled "Amended Invalidity Contentions"), the Azen Defendants now move for leave to amend their invalidity contentions to conform them to the disclosures made and opinions offered in Dr. Beamans' expert report on patent invalidity.  The Azen Defendants are working in concert with the goals of

the Court's Local Patent Rules: "full, timely discovery and provid[ing] all parties with adequate notice and information with which to litigate their cases." *Tyco Healthcare Group LP*, 2009 WL 5842062, at *1.  Therefore, the Court respectfully ask the Court to grant the Azen Defendants' motion.

### 2.      The Plaintiffs will not be prejudiced by an amendment at this time.

The Plaintiffs have suggested that they are prejudiced by the Azen Defendants' late disclosure of new prior art references and invalidity contentions, especially to the extent that the Azen Defendants' disclosures were made after the Court held its *Markman* hearing on December 6, 2012.  This position lacks merit.  As discussed above, if any party was prejudiced going into the *Markman* hearing, it was the Azen Defendants, who were put in the position of having to propose constructions of disputed claim terms for all 52 claims without the benefit of any clear sense of how the accused device is considered by the Plaintiffs to infringe each element of each claim of the '828 Patent.  Instead, not only will the Plaintiffs—who already have fair notice and full knowledge at this time of the Azen Defendants' invalidity contentions—not be prejudiced, but no extension to the Court's Scheduling and Discovery is warranted to cure any claimed prejudice on the part of the Plaintiffs.

Discovery has not yet closed in this case, and the parties have agreed in principle to ask the Court to extend the close of discovery several weeks.  *See* Pls.' Mot. To Strike (Doc. 141) at 3 n.2.  Granting the Azen Defendants' motion will not require any further extensions of discovery or necessitate a disruption of the Court's schedule.  *See Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, (E.D. Tex. 2007) (granting the defendant's motion to amend its invalidity contentions where the defendant "is seeking only one additional prior art patent and claim construction has not occurred"); *cf. Tyco Healthcare Group*, 2009 WL

5842062, at *3 (finding, in stark distinction to this case where discovery has not yet closed and where the Plaintiffs' expert has responded thoughtfully to any newly disclosed references, that the patentee was prejudiced when an accused infringer disclosed new invalidation combinations and motivations to combine in an expert report served after the close of discovery).  This Court has noted that any "potential prejudice" engendered by the identification of new prior art references "can easily be cured with an appropriate continuance of the discovery deadline"—a continuance not needed in this case as discovery has yet to close.  *See Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08 CV 24, 2009 WL 4574690, at *3 (E.D. Tex. Nov. 30, 2009).

In addition, the Court's claim construction ruling has not yet issued.  The rules clearly contemplate the amendment of both invalidity and infringement contentions if the Court's claim construction ruling leads either party to believe "in good faith" that an amendment is warranted; in fact, if the Plaintiffs amend their infringement contentions on this basis, the Azen Defendants can amend their invalidity contentions as a matter of right.  Local Patent Rule 3-6(a)(2)(A).  A claim construction order has yet to issue in this case, and so the Azen Defendants cannot be charged with trying to "pin the patent holder to a claim construction it knows will be invalidated by prior art it has not disclosed."  *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 898 (E.D. Tex. 2006).  Here, the Azen Defendants are seeking to disclose additional prior art and bases for invalidity *prior to* claim construction, permitting the Plaintiffs ample time to develop a response in the more than six months before trial is slated to begin.  *Cf. LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-CV-448, 2011 WL 5158285, at *4 (E.D. Tex. Aug. 11, 2011) (observing that "requiring Plaintiff to response to the twenty-eight new combinations—served

after the close of discovery and less than four months before the trial setting—is a significant, unexpected burden").[2]

Moreover, this is not a case where the disclosure of these references necessitates extensive additional research on the part of the Plaintiffs or would cause the Plaintiffs to incur additional expense as its "experts and . . . attorneys review[] the reference and determine[] how they fit into [the Azen Defendants'] asserted defenses." *Finisar Corp.*, 424 F. Supp. 2d at 902. In fact, the Plaintiffs' technical expert, Joe Davis, has already issued a report rebutting the invalidity opinion of Dr. Beaman that considers fully both the Edwards and the Lewis '539 references.  (Ryan Gallia Decl. Ex. D at 19–24.)  Instead, the exclusion of these references from the case and the denial of the Azen Defendants' motion for leave to amend would simply be punitive and would exclude important, potentially invalidating references from consideration in this matter.  Such a result would prevent a trial on the merits.

## <u>CONCLUSION</u>

For the aforementioned reasons, Azen Defendants respectfully request that the Court grant their motion for leave to amend their invalidity contentions.

---

[2] In addition, neither of the complained-of references are actually new. Lewis '539 was before the patent office during the prosecution of the '828 Patent, and Edwards was disclosed in a reference cited in *Industrial Ventilation*, which was identified by the Azen Defendants as invalidating prior art.  (Beaman Decl. ¶¶ 6, 7.)  *See Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 2149925, at *4 (E.D. Tex. May 5, 2011) (noting that the movant was "not adding any new prior art references but instead only clarifying the theory with response to the [new] reference" and granting its motion to amend).

DATED:  April 19, 2013        **GILLAM & SMITH, L.L.P.**


By*/s/ Melissa R. Smith*
    Harry L. "Gil" Gillam
    Texas Bar No.
    Melissa Richards Smith
    Texas Bar No. 24001351
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (facsimile)
gil@gillamsmithlaw.com
melissa@gillamsmithlaw.com


**LINDQUIST & VENNUM LLP**

    David A. Allgeyer (*pro hac vice*)
    Christopher R. Sullivan (*pro hac vice*)
    Carrie Ryan Gallia (*pro hac vice*)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
dallgeyer@lindquist.com
csullivan@lindquist.com
cryangallia@lindquist.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been electronically served upon all known counsel of record on this 19th day of April 2013 *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

On Thursday, April 18, 2013, Eric Chenoweth, counsel for Plaintiffs, and Chris Sullivan, counsel for Defendants, participated in a meet and confer in compliance with Local Rule CV-7(h) and discussed the relief requested in this Motion. No agreement on this Motion could be reached and the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Melissa R. Smith*