IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| L.C. ELDRIDGE SALES CO., LTD., LESEMAN DAVIS LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>AZEN MANUFACTURING PTE., LTD., JURONG SHIPYARD PTE, LTD., SEMBCORP MARINE LTD., TWIN CITY FAN COMPANIES, LTD., ZHENGZHOU FG OFFSHORE ENGINEERING & EQUIP. CO., LTD., ATWOOD DRILLING, INC., ATWOOD OCEANICS MANAGEMENT, LP, FG ENGINEERING, LTD., SEADRILL AMERICAS, INC., SEMBCORP HOLDINGS, LLC, SEMBCORP-SABINE INDUSTRIES, INC., SEMBCORP-SABINE SHIPYARD, INC.<br><br>          Defendants. | Civil Action No. 6:11-cv-599<br>(Jury Demanded)<br><br>**AZEN DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO AZEN DEFENDANTS' MOTION TO STRIKE INFRINGEMENT CONTENTIONS AND THE EXPERT REPORT OF JOSEPH B. DAVIS OR, IN THE ALTERNATIVE, TO ORDER PLAINTIFFS TO AMEND INFRINGEMENT CONTENTIONS** |

Defendants Azen Manufacturing Pte, Ltd., Jurong Shipyard Pte, Ltd., Sembcorp Marine Ltd., Twin City Fan Companies, Ltd., Atwood Drilling, Inc., Atwood Oceanics Management, LP, Seadrill Americas, Inc., Sembcorp Holding, LLC, Sembcorp-Sabine Industries, Inc., and Sembcorp-Sabine Shipyard, Inc., (together, the "Azen Defendants"), file this reply to the Plaintiffs' response to the Azen Defendants' motion to strike infringement contentions and the expert report of Joseph B. Davis ("Davis Report") or, in the alternative, to order the Plaintiffs to amend their infringement contentions.

1

## ARGUMENT

In their response to the Azen Defendant's motion to strike their infringement contentions, the Plaintiffs misstate both the conduct of the Azen Defendants and their own infringement contentions. The Plaintiffs suggest that the Azen Defendants' motion "is a transparent attempt to find some basis for Azen to amend its invalidity contentions." (Doc. No. 151 at 1.) However, the Azen Defendants have sought leave to amend their invalidity contentions, separate from any amendment on the Plaintiffs' part. (Doc. No. 142.) In the instant motion, the Azen Defendants ask the Court to strike the Plaintiffs' infringement contentions (or to order the Plaintiffs to amend their contentions) because the contentions are do not comply with this Court's Local Patent Rules.

The Local Patent Rules obligate a patentee to serve, as part of its initial disclosures, a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." Local Patent Rule 3-1(c). The Plaintiffs admit that this standard governs their obligations. (*See* Doc. No. 151 at 1.) However, when describing the nature of their contentions, the Plaintiffs explain that, in their charts, they "identified the specific claims each defendant infringes." (*Id.* at 5.) This is not enough. The rule is clear that the Plaintiffs must identify specifically where in the accused engine exhaust systems each element of each asserted claim can be found—and the Plaintiffs have asserted each of the '828 Patent's 52 claims. As discussed in greater detail in the Azen Defendants' motion to strike (Doc. No. 145 at 6–12), the Plaintiffs have not identified the location in the accused systems of each element of each patent claim.

For example, the '828 Patent's first claim requires "a housing coupled to a terminal portion of an exhaust pipe." '828 Patent, col.8 l.59–62. In their charts, the Plaintiffs do not explain "specifically where each element of each asserted claim is found," stating only that

2

"Azen and Twin City Fan provide, and rigs made by Jurong and Sembcorp using components and systems provide by Azen and Twin City Fan use, a housing coupled to a terminal portion of an exhaust pipe." (Doc No. 145 Attach. 2 Ex. D at 2.)  In other words, the Plaintiffs merely repeat the language of the claim itself.  The Azen Defendants then looked to the cited documents to determine where the "housing" element can be found in their accused engine exhaust systems.  However, the documents, like the statement that precedes their citations, similarly fail to identify "specifically where each element of each asserted claim is found."  Four of the seven cited documents do not even depict or describe the accused device (instead, these documents describe or depict the Plaintiffs' Enjet); one is a fifteen-page technical drawing of an engine exhaust system, offered without explanation and without any attempt to specifically identify therein where a "housing" can be found; and one is a photograph of a welder, also offered without explanation.  The final cited document is a sketch of a rig, described by the Plaintiffs as "depicting, among other things, housings coupled to terminal portions of exhaust pipes"; this description again simply repeats the claim language, and the Azen Defendants have been unable to identify in the drawing the referenced "housings."

The Plaintiffs contend that they "exceeded the requirements of Patent Rule 3-1 and cited specific documents that provide greater notice." (Doc. No. 151 at 5.)  However, like the conclusory statements made in their infringement contentions, the cited documents offer the Azen Defendants no notice of how their accused devices infringe.  To characterize this complaint as an attempt to litigate merits issues, as the Plaintiffs have done (Doc No. 151 at 8–9), misses the point.  When the Azen Defendants complain that the Plaintiffs' infringement contentions do not show "what in the exhaust systems the Plaintiffs claim constitutes a 'housing,' where a computer control is located, and how their systems have an annular region" (Doc. No. 145 at 11),

3

the Azen Defendants are not asking the Court to determine anything on the merits.  They are simply asking the Plaintiffs to meet their obligation under Local Patent Rule 3-1 by identifying "specifically where each element [e.g., housing, computer control, annular region] of each asserted claim is found."  The parties may then disagree on the merits—that is, on whether the Plaintiffs are correct that an identified element is in fact a housing, for example, or a computer control, or an annular region.  The Plaintiffs, however, have hampered the Azen Defendants' ability to develop a defense on the merits because the Plaintiffs have not met their initial obligation to identify each element of each claim of the '828 Patent in the accused engine exhaust systems.

Finally, the Plaintiffs argue that the Azen Defendants have waited too long to challenge their infringement contentions.  Notably, the Plaintiffs ignore the fact that the Azen Defendants' motion encompasses the Davis Report as well as the infringement contentions.  Mr. Davis's entire opinion on infringement is as follows:

> My opinion regarding infringement is accurately reflected in the already submitted and attached charts. I will review and update my infringement opinions when I receive the court's claim construction order. Please reference the submitted charts for further information on this topic.

(Doc. No. 145 Attach. 3 at 7.)  This opinion was served on March 11, 2013.  (*Id.*)  Therefore, while the Plaintiffs' infringement contentions may have been served nearly a year ago, the content of those infringement contentions was recently reasserted in the Davis Report, shortly before the close of discovery.  The Azen Defendants reasonably expected the Plaintiffs to put forth a more fulsome opinion on infringement when they served their expert report.  Instead, the Plaintiffs seem to have decided that, despite the Court's deadlines, they can serve an expert report containing infringement opinions at some undefined later date after the Court issues its claim construction order.  The Court's Scheduling and Discovery Order does not permit a party's

4

deferral of its obligations without seeking leave of the Court.  Therefore, the Azen Defendants respectfully ask the Court to strike the infringement contentions and the Davis Report that incorporates them.

## CONCLUSION

For the foregoing reasons and for those stated in the Azen Defendants' motion to strike the Plaintiffs' infringement contentions and the Davis Report, the Azen Defendants respectfully request that the Court order the Plaintiffs to amend their infringement contentions.

DATED:  May 21, 2013                                         **GILLAM & SMITH, L.L.P.**


By: */s/ Harry L. Gillam, Jr.*
    Harry L. "Gil" Gillam, Jr.
    Melissa Richards Smith
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (facsimile)
gil@gillamsmithlaw.com
melissa@gillamsmithlaw.com


**LINDQUIST & VENNUM LLP**

    David A. Allgeyer (*pro hac vice*)
    Christopher R. Sullivan (*pro hac vice*)
    Carrie Ryan Gallia (*pro hac vice*)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
dallgeyer@lindquist.com
csullivan@lindquist.com
cryangallia@lindquist.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing has been electronically served upon all known counsel of record on this 21st day of May,  2013 *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                */s/ Harry L. Gillam, Jr.*
                                                Harry L. Gillam, Jr.