**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| L.C. ELDRIDGE SALES CO., LTD.,<br>LESEMAN DAVIS LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>AZEN MANUFACTURING PTE., LTD.,<br>JURONG SHIPYARD PTE, LTD.,<br>SEMBCORP MARINE LTD.,<br>TWIN CITY FAN COMPANIES, LTD.,<br>ZHENGZHOU FG OFFSHORE<br>ENGINEERING & EQUIP. CO., LTD.,<br>ATWOOD DRILLING, INC.,<br>ATWOOD OCEANICS MANAGEMENT, LP,<br>FG ENGINEERING, LTD.,<br>FRIEDE & GOLDMAN, L.L.C.,<br>SEADRILL AMERICAS, INC.,<br>SEMBCORP HOLDINGS, LLC,<br>SEMBCORP-SABINE INDUSTRIES, INC.,<br>SEMBCORP-SABINE SHIPYARD, INC.<br><br>          Defendants. | Civil Action No. 6:11-cv-599<br>(Jury Demanded)<br><br><br><br>**DEFENDANTS' MOTION FOR LEAVE**<br>**TO AMEND INVALIDITY**<br>**CONTENTIONS** |

Defendants Azen Manufacturing Pte, Ltd., Jurong Shipyard Pte, Ltd., Sembcorp Marine Ltd., Twin City Fan Companies, Ltd., Atwood Drilling, Inc., Atwood Oceanics Management, LP, Seadrill Americas, Inc., Sembcorp Holding, LLC, Sembcorp-Sabine Industries, Inc., and Sembcorp-Sabine Shipyard, Inc., file this motion for leave to amend their invalidity contentions. Because good cause supports an amendment to the Azen Defendants' invalidity contentions at this time and because an amendment will not prejudice the Plaintiffs, the Azen Defendants respectfully ask the Court to grant their motion.

## FACTUAL BACKGROUND

In this matter, the Plaintiffs allege that each of the named defendants has infringed U.S. Patent 7,707,828 ("the '828 Patent").  Both in accordance with the Court's Scheduling and Discovery Order, the Plaintiffs served their infringement contentions on May 16, 2012, and the Azen Defendants served their Invalidity Contentions on June 29, 2012.  The Azen Defendants identified seventeen pieces of invalidating prior art and offered bases for the invalidity of each claim of the '828 Patent.  The parties participated in a *Markman* hearing on December 6, 2012, and the Court issued its claim construction order on May 23, 2013.

The parties exchanged expert reports on issues relating to patent validity and infringement in March and April.  Subsequently, the parties filed a series of motion seeking to strike expert reports and amend contentions.[1]  Most recently, the Defendants moved to strike the supplemental expert report of the Plaintiffs' technical expert Joseph B. Davis ("Supplemental Davis Report") or, in the alternative, to order the parties to amend their contentions.  (Doc. No. 180.)  In their motion, the Defendants argued that the Plaintiffs had asserted new infringement contentions in the Supplemental Davis Report but had refused to formally amend their infringement contentions, which under Local Patent Rule 3-6(b) would trigger the Defendants' right to amend their invalidity contentions.  (*Id.* at 1–2.)  In connection with the motion, the Defendants served amended invalidity contentions on the Plaintiffs that disclosed, among other things, the following invalidating reference: Sheet Metal and Air Conditioning Contractors'

---

[1] Specifically, the Plaintiffs moved to strike expert opinions concerning references and combinations not disclosed in Defendants' invalidity contentions.  (Doc. No. 141.)  The Defendants then moved for leave to file amended invalidity contentions (Doc. No. 142) and to strike the Plaintiffs' infringement contentions and the expert report of Joseph B. Davis or, in the alternative, to order the Plaintiffs to amend their infringement contentions (Doc. No. 145).  These motions are pending before the Court.

2

National Association, Inc., *HVAC Systems Duct Design* (4th ed. Dec. 2006) ("SMACNA"). (*Id.* Attach. 1 ¶ 6.)

Running parallel with this litigation has been the reexamination of the '828 Patent. Following the Action Closing Prosecution in this action issued by the U.S. Patent & Trademark Office ("PTO") which served to close the reexamination, the Plaintiffs filed an Information Disclosure Statement (Ryan Gallia Decl. Ex. A) on July 19 in which they disclosed, among other things, the Final Office Action issued by the PTO on February 5, 2013 in connection with the prosecution of U.S. Patent Application No. 12/773,133 ("the '133 Application") (Ryan Gallia Decl. Ex. B.). The '133 Application is a continuation[2] of U.S. Patent Application No. 11/608,587, which issued as the '828 Patent.

The Final Office Action rejected all claims of the '133 Application as obvious over prior art, including U.S. Patent No. 4,418,532 ("Momose"), which the PTO concluded "discloses a terminal portion (11) wherein the exhaust gas flow at a first velocity (V1), the housing (7) which is coupled to the terminal portion, the combined exhaust gas and the compressed air (12) exits the housing (7) via an exhaust pipe (9) where the velocity of combined [gas] is at a second velocity (V2)," and that "it is obvious for one having ordinary skill in the art that the second velocity (V2) must be greater than the first velocity (V1)." (Ryan Gallia Ex. A at 8.) The '828 Patent, in many of its independent claims, similarly requires that "the combined gasses exit the housing at a second velocity greater than the first velocity" at which exhaust gas flows through the exhaust pipe. (*See, e.g.*, '828 Patent col.8 l.59–col.9 l.2.) However, the Plaintiffs have not disclosed in this litigation the Final Office Action concerning the '133 Application, in which the PTO concludes that the Momose reference, among others, are invalidating prior art.

[2] As a continuation, the '133 Application shares the specification of the '828 Patent.

Discovery is set to close on July 31, 2013, under the Court's currently operative Scheduling and Discovery Order.[3]

## **LEGAL STANDARD**

Under the Court's Patent Rules, the parties' infringement and invalidity contentions are "deemed to be that party's final contentions."  Local Patent Rule 3-6(a).  However, if either party "believes in good faith that the Court's Claim Construction Ruling so requires," that party can amend its contentions in light of the ruling without leave of the Court.  *Id.*  In addition, the party defending a claim of infringement can amend its invalidity contentions if the patentee amends its infringement contentions.  *Id.* 3-6(a)(2)(A).  Any other amendments "may be made only by order of the Court, which shall be entered only upon a showing of good cause."  *Id.* 3-6(b).

The Local Patent Rules should be enforced "to ensure that outcomes are based upon the merits, and not unduly influenced by surprise and delay."  *Corelogic Info. Solutions, Inc. v. Fiserv, Inc.*, No. 2:10-CV-132-RSP, 2012 WL 4051823, at *3 (E.D. Tex. Sept. 13, 2012).  As the Plaintiffs recognize, the purpose of this Court's Local Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."  *Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *1 (E.D. Tex. Mar. 30, 2009).

A court has broad discretion to grant a motion for leave to amend invalidity contentions, based on the consideration of the following factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in

---

[3] In fact, the parties have agreed in principle to ask the Court to extend the close of discovery several weeks, and the parties are currently collaborating on a joint motion to amend the Court's Scheduling and Discovery Order to be filed shortly.

DOCS-#3930842-v1

allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-CV-434, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009).

## ARGUMENT

The Azen Defendants seek leave of the Court to amend their invalidity contentions to (1) incorporate the prior art cited by the PTO in the Final Office Action rejecting all claims of the '133 Application and (2) update the SMACNA reference to reflect the date of the third edition. Because there is good cause for this amendment, which will not prejudice the Plaintiffs, the Azen Defendants respectfully ask the Court to grant their motion.

**1.      The Court should permit the inclusion of the prior art cited by the PTO.**

Good cause supports this motion.  The Defendants could not have earlier moved to amend their invalidity contentions to include the prior art cited by the PTO because the Plaintiffs failed to disclose to the Defendants the fact that the PTO deemed these references crucial.  The PTO determined that the Momose reference, among others, was sufficient to invalidate the claims of the closely related '133 Application, claims that include many of the limitations at issue in the '828 Patent.  The Defendants only learned of the importance ascribed to this prior art by the PTO when the Plaintiffs disclosed the Final Office Action not in this litigation but in an Information Disclosure Statement filed in the reexamination of the '828 Patent.  The Defendants' patent counsel then forwarded the IDS and the Final Office Action to their litigation counsel, and the Defendants asked the Plaintiffs to permit the Defendants to amend their invalidity contentions to incorporate the prior art the PTO relied on in determining that the claims of the '133 Application were unpatentable as obvious.

This failure to disclose constitutes a violation of this Court's local rules, which obligate a party to voluntarily disclose all information relevant to a claim or defense.  Local Rule CV-26.

5

Relevant information includes "information that would not support the disclosing parties' contentions" and "information that is likely to have an influence on or affect the outcome of a claim or defense." *Id.* Here, the Defendants are asserting as one of their defenses that the '828 Patent is invalid. The '828 Patent shares a specification and many claim limitations with the '133 Application, including the limitation that the velocity of the combined gases be greater than the velocity of the exhaust gas alone. The PTO identified prior art that specifically rendered obvious that very claim limitation. The Plaintiffs knew of this determination since at least February 2013, before the parties had exchanged expert reports on the validity of the '828 Patent. However, they chose not to disclose this relevant information in this litigation, in violation of this Court's local rules.

Permitting parties to amend their invalidity contentions with good cause ensures that invalid patents are not afforded a monopoly. The Supreme Court has long recognized that invalid patents should not be allowed to exist because the public should not be foreclosed from using publicly available technology. *See Lear, Inc. v. Atkins*, 395 U.S. 653, 664 (1969). Here, the PTO identified invalidating prior art, which should be part of the record before this Court in determining the validity of the '828 Patent.

Moreover, given their long knowledge of this important prior art, the Plaintiffs will not be prejudiced by the inclusion of it in the Defendants' invalidity contentions. This amendment will warrants no extension to the Court's Scheduling and Discovery to cure any claimed prejudice on the part of the Plaintiffs, who already have full knowledge of the prior art the Defendants now seek to assert. This is not a case where the disclosure of these references necessitates any additional research on the part of the Plaintiffs or would cause the Plaintiffs to incur additional expense as its "experts and . . . attorneys review[] the reference and determine[] how they fit into

6

[the Defendants'] asserted defenses." *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 902 (E.D. Tex. 2006).  Instead, the exclusion of these references from the case and the denial of the Defendants' motion for leave to amend would exclude important, potentially invalidating references from consideration in this matter.  Such a result would prevent a trial on the merits.

2.     **The Court should permit the Defendants to update the SMACNA reference.**

In their amended invalidity contentions, the Defendants cite the December 2006 fourth edition of SMACNA.  The Defendants tried for some time to locate an earlier edition of SMACNA from their clients, from libraries, and from bookstores and were able to do so on July 9, 2013, when a used edition became available on amazon.com.  (Ryan Gallia Decl. ¶ 5.)  The substantive disclosure of the 1990 third edition of SMACNA is the same as that in the 2006 fourth edition (*compare* Ryan Gallia Decl. Ex. C, *with* Ryan Gallia Decl. Ex. D), and therefore the Defendants will not be prejudiced by the amendment of the Defendants' invalidity contentions to include reference to the third edition.

## CONCLUSION

For the aforementioned reasons, the Defendants respectfully request that the Court grant their motion for leave to amend their invalidity contentions.

DOCS-#3930842-v1

DATED: July 31, 2013

**GILLAM & SMITH, L.L.P.**


By: */s/ Harry L. Gillam, Jr.*
   Harry L. "Gil" Gillam, Jr.
   Melissa Richards Smith
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (facsimile)
gil@gillamsmithlaw.com
melissa@gillamsmithlaw.com


**LINDQUIST & VENNUM LLP**

   David A. Allgeyer (*pro hac vice*)
   Christopher R. Sullivan (*pro hac vice*)
   Carrie Ryan Gallia (*pro hac vice*)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
dallgeyer@lindquist.com
csullivan@lindquist.com
cryangallia@lindquist.com


## CERTIFICATE OF SERVICE


     The undersigned hereby certifies that a true and correct copy of the foregoing has been electronically served upon all known counsel of record on this 31st day of July 2013 *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

              */s/ Harry L. Gillam, Jr.*
              Harry L. Gillam, Jr.

8

**<u>CERTIFICATE OF CONFERENCE</u>**

On Monday, July 22, 2013, and on Monday, July 29, 2013, counsel for Plaintiffs and counsel for Defendants participated in a meet and confer in compliance with Local Rule CV-7(h) and discussed the relief requested in this Motion. No agreement on this Motion could be reached and the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.
