# United States District Court
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| L.C. ELDRIDGE SALES CO., LTD., et al. | § § § | |
| v. | § | No. 6:11cv599 |
| JURONG SHIPYARDS, PTE., LTD., et al. | § § § § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial or Remittitur (Doc. No. 326), which the Court **DENIES IN PART** and **GRANTS IN PART**. Because Defendants have not met the high burden of setting aside the jury's verdict, which is supported by substantial evidence, the Court **DENIES** Defendants' Motion, except that the Court **GRANTS** Defendants' motion for judgment as a matter of law with respect to the objective inquiry of the willfulness infringement, which is a question of law for the Court to decide.

## Background

In this action, Plaintiffs L.C. Eldridge Sales Co., Ltd. and Leseman Davis, LLC, accused Defendants of infringing claims 1, 13, 14, and 15 of U.S. Patent No. 7,707,828 (the '828 patent). Claim 1 is drawn towards a system that pushes exhaust away from a structure by injecting ambient air into a housing that is coupled to the terminal portion of an exhaust pipe. Claims 13, 14, and 15 are dependent claims of Claim 1 that describe using specific kinds of fans to inject ambient air into the system. After a six-day jury trial, on November 22, 2013, a jury returned a

verdict finding all the asserted claims not invalid and infringed. The jury awarded damages and found Defendants' infringement was willful. Defendants now argue that no reasonable jury could have reached the findings made by the jury given the evidence presented at trial.

Defendant Jurong Shipyards, Pte., Ltd. builds off-shore drilling rigs on turnkey contracts. Jurong built the three rigs at issue in this case: the *Atwood Condor*, the *Seadrill West Capricorn*, and the *Seadrill Sirius*. The *Atwood Condor* is operated by Defendants Atwood Drilling, Inc., Atwood Oceanics Management, LP, and Atwood Oceanics Global Limited (collectively, Atwood). The *Seadrill West Capricorn* and *Seadrill Sirius* are operated by Seadrill Americas, Inc., and Seadrill US Gulf LLC (collectively, Seadrill).

## Legal Standard

### A. Judgment as a Matter of Law

A motion for judgment as a matter of law is a procedural issue not unique to patent law; therefore, the motion is reviewed under the law of the regional circuit. *Bard Peripheral Vascular v. W.L. Gore & Assocs.*, 670 F.3d 1171, 1178 (Fed. Cir. 2012). Judgment as a matter of law is justified where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The jury's verdict must be supported by "substantial evidence" relating to each element of the claims. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004). The court must "review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The court affords great deference to a jury's verdict because "[c]redibility determinations, the

weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); s*ee also Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004). The movant is entitled to judgment as a matter of law, "only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005).

**B. New Trial**

As with motions for judgment as a matter of law, motions for new trial are determined by the law of the regional circuit. *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007). The court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A new trial may be warranted when "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The court must affirm the jury's verdict unless, in viewing the evidence in the light most favorable to the verdict, the evidence points so overwhelmingly in favor of the other party that reasonable individuals could not arrive at a contrary conclusion. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

**Analysis**

Defendants seek judgment as a matter of law, a new trial, or remitted damages based on five issues: (1) infringement, (2) invalidity, (3) Jurong's induced infringement, (4) willful infringement, and (5) damages. With the exception of Jurong's induced infringement, the Court addresses Defendants' arguments in turn.

### A. Direct Infringement

Infringement of a patent claim "occurs when every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device exactly.'" *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1358 (Fed. Cir. 2000) (quoting *Amhil Enters., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996)). The plaintiff must show by a preponderance of the evidence the presence of every element in the accused device. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).

Defendants first argue that there is insufficient evidence for the jury to have found infringement because the accused systems lack a "housing," which is an element of each asserted claim. The Court finds that there is sufficient evidence to support a finding that the accused systems contained a "case or enclosure," which is what the Court construed the term housing to mean. (Doc. No. 160 at 8). Based upon a review of the record, the Court finds that there was sufficient evidence to support a finding that the accused systems infringed the asserted claims of the '828 patent. Accordingly, reasonable and impartial minds could have reached such a verdict. See *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (per curiam) (explaining that the standard for determining a "Rule 50(b) motion for judgment as a matter of law following a jury verdict is whether 'the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict'" (quoting *Am. Home Assurance*, 378 F.3d at 487)).

Second, Defendants argue that none of Defendants' activities have taken place within the reach of the patent laws of the United States. Before trial, the Court granted Plaintiff's motion for partial summary judgment on this issue (Doc. No. 290 at 2–3). The parties did not dispute that the rigs at issue operate on the outer Continental Shelf in the Gulf of Mexico. Nor do they dispute that the Outer Continental Shelf Land Act extends the reach of the patent laws of the

United States to drilling rigs connected to the outer Continental Shelf. *WesternGeco, L.L.C., v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 371 (S.D. Tex. 2011); *accord Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 541 (5th Cir. 2002). Defendants argue only that that the rigs at issue are not connected the outer Continental Shelf.

The Court already rejected Defendants' position based on the facts in the summary judgment record. The deposition testimony of both Grant Howard and Bobby Warren describe how the rigs at issue drill a well. Their testimony establishes that in order to drill a well, pump in the necessary fluids, and then extract those fluids, the rigs are attached to the seabed through a series of connections that start at the rig and end in the seabed (Doc. No. 230-3 at 14–18, 61:17–65:16; Doc. No. 240-4 at 3–4, 42:10–43:8). Mr. Howard also stated that neither the drill bit nor pipe should be connected to the earth because if that happened, they would be stuck. (Doc. No. 230-2 at 14, 61:8–9). But the fact that drilling rigs avoid getting a drill bit or pipe stuck in the sea bed does not establish that the rigs are not connected through the means identified by Mr. Howard's and Mr. Warren's depositions.

As to Jurong, Defendants did not dispute that Jurong knew that the rigs at issue would operate in the Gulf of Mexico once delivered. Accordingly, Defendants are not entitled to judgment as a matter of law or a new trial on the issue of whether infringing activities took place in or were directed to the United States. *See WesternGeco, L.L.C.*, 776 F. Supp. 2d at 371; *accord Transoscean Offshore Deepwater Drilling, Inc. v. Maesrk Contractors USA, Inc.*, 617 F.3d 1296, 1310–11 (Fed. Cir. 2010); *Diamond Offshore*, 302 F.3d at 541.

**B. Invalidity**

   *i.   Anticipation*

Anticipation requires "a single prior art reference [that] discloses each and every element of a claimed invention." *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1377 (Fed. Cir. 2012). "Anticipation is a factual determination that is reviewed for substantial evidence when decided by a jury." *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1149 (Fed. Cir. 2004).

Defendants argue that their expert demonstrated that the Copen reference disclosed each and every element of the '828 patent. In view of their expert's testimony, they contend that no reasonable jury could have concluded the Copen reference did not anticipate the '828 patent. But the jury heard conflicting testimony on this point, and "the jury was free to disbelieve [Defendants'] expert." See *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 848 (Fed. Cir. 2010). Accordingly, Defendants ignore that the jury was entitled to do disbelieve their expert on an issue on which they bore the burden of proof, as well as consider conflicting testimony.

Based on review of the record, the Court finds that substantial evidence supports the jury's finding that Defendants did not meet their burden of proving by clear and convincing evidence that the Copen reference does not anticipate the '828 patent. *See id.*

   *ii.   Obviousness*

Obviousness allows the combination of prior art references to show that a person skilled in the art would have found the patented invention an obvious extension of the prior art. *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 418–19 (2007). Obviousness is a legal question that is based on underlying factual questions for the jury to resolve. See *Power-One, Inc. v. Artesyn Techs., Inc.*, 599 F.3d 1343, 1351 (Fed. Cir. 2010).

The jury was properly instructed on the applicable law (Doc. No. 306 at 18–22). Defendants did not object to the relevant portion of the jury instructions (Doc. No. 319 at 10–12). And "juries are presumed to follow their instructions." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 507 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 1585 (2013) (quoting *Zafiro v. United States*, 506 U.S. 534, 540 (1993)).

After reviewing the record, the Court finds that a reasonable jury could have determined that Defendants did not establish by clear and convincing evidence that the invention would have been obvious to one of ordinary skill in the art at the time of the invention. Defendants only proffered one obviousness combination: the Nakagami and Koelm references. The experts offered conflicting testimony regarding whether a person of ordinary skill in the art would have been motivated to combine the references in order to design an exhaust system that embodies the '828 patent. Additionally, Plaintiffs offered evidence supporting the secondary considerations of non-obviousness. The jury weighed the testimony and concluded that Defendants failed to show obviousness by clear and convincing evidence. *See Power-One*, 599 F.3d at 1351.

Thus, a legally sufficient basis existed for rational jurors to find the '828 not invalid through the combination of the Nakagami and Koelm references.

### iii. Untimely Disclosed Invalidity Theories

Defendants seek judgment as a matter of law on or a new trial for the invalidity theory of lack of written description and on prior art references not presented at trial. The Court excluded both the lack of written description theory and certain prior art reference because Defendants did not timely disclose them. Prior to trial, the Court denied Defendants leave to amend their invalidity contentions to assert prior art references known to Defendants at the time they initially disclosed their invalidity contentions yet did not disclose (Doc. No. 241). Despite the extensive

motion practice that led to the Court's ruling on the prior art references, Defendants moved for summary judgment on lack of written description—a theory for which Defendants neither timely disclosed nor sought leave to assert.

As to the prior art references not timely disclosed, the Court already considered the arguments Defendants rehash. The Court found no justifiable explanation offered to explain their delay, that Plaintiffs would be prejudiced by the late amendment, and that a continuance would not cure the prejudice (Doc. No. 241 at 5–10). The Court will not reconsider its previous rulings and finds that no new trial is warranted. *See Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999).

In post-verdict briefing, Defendants argue—for the first time—that they could not have timely disclosed their lack of written description theory due to the Court's claim construction order. Before trial, the Court found that none of the factors that warrant allowing leave to amend invalidity contentions favored allowing Defendants to assert their latest invalidity theory (Doc. No. 290 at 4). Given the after-the-fact-nature of Defendants' latest argument the Court's finding applies with even greater force. *See Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *1, *4 (E.D. Tex. Mar. 30, 2009).

### C. Willful Infringement

Willful infringement requires a two-part test. First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* The objective inquiry is a threshold question that must be shown by clear and convincing evidence. *Id.* Further, the objective inquiry is a question for the Court. *Bard*

*Peripheral Vascular, Inc.* v. *W.L. Gore & Assocs. Inc.*, 682 F.3d 1003, 1006 (Fed. Cir. 2012) (en banc).

Second, "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id*. 1005 This is known as the subjective inquiry. *Id.* The jury determines the subjective inquiry and that finding is reviewed for substantial evidence. *Id.* at 1008. But the Court only reviews the jury's determination regarding the subjective prong for substantial evidence if the Court finds the objective prong satisfied. *Id.*

Defendants argue that they possessed both a reasonable infringement argument and a reasonable invalidity defense. Based on a review of the record, the Court concludes Defendants lacked a good faith, credible, and objectively reasonable non-infringement argument. Defendants argued that the accused systems implemented a "wye duct," which could not be a housing, as required by each asserted claim. After excluding evidence contradicting the Court's claim construction, Defendants' expert could only distinguish the accused systems and the asserted claims by stating that a person of ordinary skill in the art would understand them to be different. An expert's "say so" is not sufficient to raise a reasonable claim of non-infringement. *See Parallel Networks, LLC v. Abercrombie & Fitch Co.*, 704 F.3d 958, 970 (Fed. Cir. 2013) (citing *Arthur A. Collins, Inc. v. N. Telecom, Ltd.*, 216 F.3d 1042, 1046–48 (Fed. Cir. 2002)).

On balance, though, the Court finds that Defendants presented a good faith, credible, and objectively reasonable invalidity argument. Although ultimately rejected by the jury, Defendants' obviousness combination raised a credible fact question as to whether the '828 patent teaches a novel concept. Accordingly, the Court finds that Plaintiffs did not prove by clear

and convincing evidence that there was an objectively high likelihood that Defendants' actions constituted infringement of a valid patent. *See Spine Solutions, Inc. v.Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010). This is true even though the jury found the patents in suit not invalid. *Id.* Accordingly, the Court will not review the subjective prong for substantial evidence. *See Bard*, 682 F.3d at 1008.

### D. Induced Infringement

As set forth in the Patent Act, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "In order to prevail on an inducement claim, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed. Cir. 2002)).

The intent element is satisfied where an infringer had "knowledge that the induced acts constitute patent infringement" or was willfully blind to any infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068–69 (2011). Intent can be proved by either direct or circumstantial evidence. *See Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005). Importantly, "[i]ntent is a factual determination particularly within the province of the trier of fact." *Allen Organ Co. v. Kimball Int'l, Inc.*, 839 F.2d 1556, 1567 (Fed. Cir. 1988).

The jury found Jurong induced infringement of the '828 Patent. Defendants argue that Jurong could not have induced infringement because Jurong commissioned Azen Manufacturing, to supply the accused exhaust systems for the rigs at issue before the '828 patent issued.

Plaintiffs respond that with respect to every rig except the Sirius *West Capricorn*, Jurong did not deliver the rigs at issue until after the patents issued, which Jurong had notice of. Plaintiffs also argue that Jurong took no steps to stop the Sirius *West Capricorn* from operating in the Gulf of Mexico with the infringing system after the patent issued and went so far as to ensure that it would continue to operate by indemnifying Seadrill for patent infringement.

Although the patent had not yet issued when Jurong provided Azen with the Plaintiffs' specifications for its proprietary exhaust system, Jurong nevertheless commissioned Azen to design a comparable system it knew could be patented. After the '828 patent issued, Jurong still delivered two of the rigs with the accused systems. Jurong did so knowing that the rigs would operate in the Gulf of Mexico once delivered. As for the one rig it did not deliver prior to the patent issuing, Jurong indemnified Seadrill against infringement, ensuring that Seadrill would continue to use the infringing exhaust system. *See Black & Decker, Inc. v. Home Prods. Marketing, Inc.*, 929 F.Supp. 1114, 1121 (N.D. Ill. 1996). Thus, substantial evidence supports the jury's verdict that Jurong induced infringement as to the Atwood and Seadrill defendants.

Defendants also argue that their non-infringement and invalidity arguments negate any possible finding of Jurong's intent. But while a good-faith invalidity belief may negate specific intent to induce infringement, such evidence does not preclude a finding of induced infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368–69 (Fed Cir. 2013). Further, Defendants ignore that the jury was properly instructed of the intent standard (Doc. No. 306 at 14). Defendants did not object to that instruction (Doc. No. 319 at 10–12). And "juries are presumed to follow their instructions." *Baisden*, 693 F.3d at 507.

The Court's finding that Plaintiffs did not prove the objective prong of willfulness by clear and convincing evidence does not affect the jury's finding of induced infringement. Willful

infringement has a higher burden of proof than induced infringement. *See Bard*, 682 F.3d at 1005. Additionally, "the state of mind of the accused infringer is not relevant to this objective inquiry." *See In re Seagate*, 497 F.3d at 1371. The jury heard ample evidence of Jurong's notice of the pending patent application, had contractual obligations to provide systems equivalent to Plaintiffs' propriety design, and despite being warned of the issuance of the '828 Patent— delivered rigs with the accused system to Atwood and Seadrill. Thus, the Court's ruling that Plaintiffs failed to prove Defendants' invalidity arguments were objectively unreasonable does not equate to Defendants proving they possessed a good-faith invalidity belief as a matter of law. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 2:07-cv-331-PMP, 2013 WL 4458754, at *6 (D. Nev. Aug. 16, 2013). Based upon a review of the record, the Court finds that a legally sufficient basis existed for rational jurors to find Jurong liable for induced infringement.

### E. Damages

Defendants move for judgment as a matter of law, a new trial, or remittitur on the issue of damages. "There is a strong presumption in favor of affirming a jury award of damages." *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995). Remittitur is appropriate only when damages are "clearly excessive." *Id.*

Defendants argue that as a matter of law Plaintiffs could not recover lost profit damages. Lost profits are available as recovery for all harm caused by the infringement. *See King Instruments Corp. v. Otari Corp.*, 767 F.2d 853, 863 (Fed. Cir. 1985). Defendants argue only that they are not direct competitors of Plaintiffs. Defendants cite no authority to support their position that lost profits may only be awarded between direct competitors. As such, Defendants are not entitled to judgment a matter of law on this issue.

To recover lost profits, Plaintiffs bore the burden of proving that "but for" infringement, Plaintiffs would have sold their product. *See id.* The Court finds that the jury was instructed appropriately on how to determine whether awarding lost profits was permissible. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545–46 (Fed. Cir. 1995) (en banc). Substantial evidence was presented at trial on each factor. Accordingly, the Court finds no support for Defendants' claim that the jury's damages verdict was clearly excessive. Thus, Defendants do not meet the high burden required for a remittitur, a new trial, and judgment as a matter of law.

**Conclusion**

For the reasons explained more thoroughly above, Defendants' Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial or Remittitur (Doc. No. 326) is **DENIED**, with the exception of Willful Infringement, on which the Court **GRANTS** judgment as a matter of law in favor of Defendants.

Further, pursuant to 35 U.S.C. § 284, "the court may increase the damages up to three times the amount found or assessed" by the jury. But "[a] finding of willful infringement is a prerequisite to the award of enhanced damages." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 858 (Fed. Cir. 2010). As previously discussed, the Court does not find that Plaintiffs carried their burden under the objective inquiry of willful infringement. *See supra* § III.C. Because the Court finds no willful infringement, there can be no enhanced damages. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc). ("[A] finding of willfulness does not require an award of enhanced damages; it merely permits it."). In view of the Court's willfulness finding, the Court **DENIES** Plaintiff's motion for enhanced damages (Doc. No. 324) as **MOOT**.

**It is SO ORDERED.**

**SIGNED this 22nd day of September, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE