# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| L.C. ELDRIDGE SALES CO., LTD., et al. | § § § | |
| v. | § § | No. 6:11cv599 |
| JURONG SHIPYARDS, PTE., LTD., et al. | § | |

### ORDER ON MOTION FOR INTEREST

Before the Court is Plaintiffs' Motion for Pre Judgment, Post Judgment Interest, and Taxable Costs (Doc. No. 323). Having considered the parties arguments and the applicable law, the Court is of the opinion that Plaintiffs' motion is meritorious and should be **GRANTED**.

With regard to prejudgment interest, Plaintiffs calculate prejudgment interest based on the jury's $651,168 award using the prime interest rate, compounded quarterly. Defendants do not dispute that Plaintiffs are entitled to prejudgment interest. Instead, Defendants argue that prejudgment interest is properly calculated using the U.S. Treasury Bill rate, compounded annually and that $651,168 is not the proper amount from which prejudgment interest should be calculated. Defendants' argument regarding the proper damages award have been previously addressed and rejected. The only dispute is the interest rate and compounding interval.

The interest rate used to calculate prejudgment interest and the method and frequency of compounding is left to the discretion of the district court. See *Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 939 F.2d 1540, 1545 (Fed.Cir.1991); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579–80 (Fed.Cir.1988) (citing *Bio–Rad Labs., Inc. v. Nicolet*

*Instrument Corp.*, 807 F.2d 964, 969 (Fed.Cir.1986)). Interest should be awarded from the date of infringement to the date of final judgment. *Nickson Indus., Inc. v. Rol Mfg.*, 847 F.2d 795, 800 (Fed.Cir.1988). Accordingly, the Court **AWARDS** prejudgment interest Plaintiffs on the $651,168 damages award at the prime rate compounded quarterly from May 10, 2010 to until the date of final judgment.

Plaintiffs also seek post-judgment interest at the rate set forth in 28 U.S.C. § 1961. Defendants do not oppose Plaintiffs request. Accordingly, the Court **AWARDS** Plaintiffs post-judgment interest as permitted under 28 U.S.C. § 1961.

As to Plaintiffs' request for taxable costs, the Court directs Plaintiffs to file their application for such costs pursuant to Local Rule CV-54.

**It is SO ORDERED.**

**SIGNED this 22nd day of September, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE